Read, J.
The sole question in this case is, whetheí a municipal corporation can be made liable' for an injury resulting to the property of another, by an act of such corporation, strictly within the scope of its corporate authority, and unattended by any circumstance of negligence or malice.
The case of Rhodes v. The City of Cleveland, 10 Ohio Rep. 159, with admirable good sense and strength of reason, answers this question, by asserting that corporations are liable, like individuals, for injuries, although the act was not beyond their lawful powers. The late learned Ch. J. Lane, who pronounced the opinion of. the court in that instance, accounts for the elder cases, upon-the ground that courts were hampered by the mystic notion attached to corporate seals, by which corpo *480 rations withdrew themselves from responsibility, and cast it uPon their agents. A sort of transcendentalism which' enveloped both the courts and the profession in a mist growing out of the airy nothingness of the subject matter, enabled corporations, like the pestilence which walketh unseen, to do their mischief and escape the responsibility. It is refreshing to the jurist, and important to the rights of individuals, that these confused notions are yielding to a clearer light and more solid reason. The late Chief Justice, in the same case, manfully asserts the freedom of judicial action in matters of this sort, where for ages the professional and judicial mind has been hampered by the declaration that, in cases like the present, he did not look so much for precedents as to the following out of incontestable principles. In pursuance of this declaration he asserts, with unanswerable force, upon the most solid foundations of reason, morality and law, “ That the rights of one should be so used as ‘ not to impair the rights of another, is a principle of morals ‘ which, from very remote ages, has been recognized as a maxim ‘ of the law. If an individual, exercising his lawful powers, ‘ commit an injury, the action on the case is the familiar remedy. ‘ If a corporation, acting within the scope of its authority, should ‘ work wrong to another, the same principle of ethics demands of ‘ them to repair it; and no reason occurs to the court why the < same remedy should not be applied to compel justice from ‘ them.”
We recognize the doctrine of that case, as laid down by this court, as founded in the most solid reason, right and morals, and a majority of the court have not the slightest disposition to impair its obligation, but, by the light of such example and assurance, hope that the whole subject matter of corporations will, in the end, be reduced to the control of incontestable principle.
There is another reason: If a municipal corporation,for the good of all within its limits, see proper to cut down a street, it is nothing more than right that an injury there done to a single individual, should be shared by all.

Judgment reversed, and cause remanded.